UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                                              Chapter 11

      73 Empire Development LLC,                      Case No.  19-22285

                      Debtor.          **Local Rule Statement**
----------------------------------------------------------x
STATE OF NEW YORK       )
                         ) ss:
COUNTY OF NEW YORK   )

        David Goldwasser, as authorized signatory of GC Realty Advisors, LLC, as Managing Member, of 73 Empire Development LLC (the "Debtor") deposes and says under penalty of perjury, as follows:

        1.       I am submitting this affidavit under the local rules of this Court in support of the Debtor's Chapter 11 filing.

        2.       On February 21, 2019, the Debtor filed a Chapter 11 petition under Title 11 of the United States Code, 11 U.S.C. 101 et seq. (the "Bankruptcy Code").

        3.       The Debtor owns a ground lease ("Ground Lease") dated December 16, 2013 on the real property at 73 Empire Boulevard, Brooklyn, New York 11225 (the "Property"). The Property is a 30,000 square foot development site, pictured below:



4. The initial term of the Ground Lease expires in 2062. The ground lessor is MDL Equipment. Development LLC ("Ground Lessor")

5. The Ground Lease is triple net. It requires the Debtor to spend no less than $3,000,000 to build a retail only or mixed-use building (the "Improvements"). The Debtor retained two architects, a demolition and construction company, an expeditor, a structural engineer, a surveying service and zoning counsel, and expended approximately $500,000 to implement the Improvements. The Debtor also obtained financial assurances from investors who agreed to provide the financial capital to complete the Improvements.

6. The Ground Lease required the Debtor to complete construction within 30 months by June 2016. The Ground Lessor, however, did not initially insist upon completion by the deadline – until the Ground Lessor sold the Property. On April 2018, the new Ground Lessor sent a thirty day notice to cure.

2

7. The Ground Lease does not contain a "time is of the essence" provision for the Improvements. And the Improvements could not be completed within 30 months, much less 30 days. The Ground Lessor waited two years in which to purportedly invoke its rights under the Ground Lease. The Debtor believes this to be a waiver and the Landlord is estopped from demanding immediate performance.

8. The Debtor's goal has been to complete the Improvements, but the Ground Lessor interfered with the Debtor's funding.

9. Under the Ground Lease, the Debtor may assign or sublet the Property with the Ground Lessor's consent, "which may not unreasonably" be withheld or delayed.

10. In November and December 2017, the Debtor notified the Debtor of its intention to assign the Ground Lease and, documented that the new members have a net worth exceeding $300,000,000 and paid the required legal fee for the Ground Lessor's review.

11. In March 2018, the Ground Lessor denied the request based on unspecified defaults under the Ground Lease, and followed up in April 2018 with a 30 day notice to cure, the primary default being the failure to complete construction in June 2016.

12. Section 11.1(b) of the Ground Lease provides that upon notice of default, the Debtor "shall commence to take steps to remedy same within thirty (30) days after Landlord shall have given to Tenant a written notice specifying the same or having so commenced shall thereafter fail to proceed.

13. Here, the Debtor the Ground Lessor allowed two years to pass during which it encouraged the Debtor to invest large amounts of money in the Property. But for the Landlord's interference, it had the funds to cure and the contractors in place to effectuate a cure.

14. But the Ground Lessor attempted to terminate the Ground Lease under New York landlord tenant law. The Supreme Court denied the Debtor a Yellowstone injunction and the Ground Lessor asserts that the Debtor may no longer cure.

15. The Debtor filed this case to effectuate a cure under the Bankruptcy Code. Specifically, under Second Circuit authority a long-term ground lease such as the Debtor's Ground Lease is not treated as lease under the Bankruptcy Code subject to the rules for lease assumption. Rather, it is treated as an executory contract, which can be assumed by curing defaults. *In re PCH Associates,* 804 F.2d 193 (2d. Cir. 1986).

16. If the Court determines that the Ground Lease is a true lease, the Debtor is prepared to assume under section 365 of the Bankruptcy Code.

17. Meanwhile, the Debtor shall maintain the Property and pay post-petition obligations as they accrue.

Dated: New York, New York
     March 13, 2019

                                                s/David Goldwasser, as authorized signatory of GC Realty Advisors, LLC, as Managing Member