**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re | : |  |
|  | : | **Chapter 11** |
|  | : |  |
| **73 EMPIRE DEVELOPMENT LLC** | : | **Case No. 19-22285 (RDD)** |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

-------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. § 362(d)**
**MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

Upon the motion, dated April 18, 2019 (the "Motion"), of MDL Equipment Corp. ("MDL"), for, among other things, an order pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), vacating the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code as to MDL's defense and prosecution of the action pending in the Supreme Court for the State of New York, County of Kings, titled 73 Empire Development LLC v. MDL Equipment Development LLC (Index No. 509099/2018) (the "Action"); and due and proper notice of the Motion having been made on all necessary parties; and the above-captioned debtor and debtor in possession (the "Debtor") having opposed the relief requested in the Motion (the "Objection"); and the Court having held a hearing on the Motion on May 9, 2019 (the "Hearing"); and upon the Motion, the Objection, the record of the Hearing and all of the proceedings herein, the Court having directed MDL to provide to counsel for the Debtor and to the Court an order reflecting its decision on the Motion; and MDL having provided a copy of this form of order to counsel for the Debtor on May 9, 2019; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing for the reasons stated by the Court in its bench ruling at the hearing, it is hereby

ORDERED that the Motion is granted in part as provided herein; and it is further

00073850.DOC v

ORDERED that the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is vacated under section 362(d)(1) of the Bankruptcy Code solely to allow the parties to the Action to continue their prosecution and defense of the Action through judgment, but not enforcement of any judgment, including by MDL pursuing its pending motion for summary judgment therein, which motion was stayed by the automatic stay, so as to determine the issues raised therein, including whether the Ground Lease, dated December 16, 2013 between MDL and Debtor (the "<u>Lease</u>"), assuming same is a "true lease," has terminated, and any related issues, and without prejudice to the Debtor's right to seek a determination therein as to whether the ability to assign the Lease, if any, under section 365 of the Bankruptcy Code or the Chapter 11 plan of reorganization proposed by Debtor, could cure the alleged defaults under the Lease; and it is further

ORDERED that, this Order is without prejudice to any assertion by the Debtor that the Lease is not a "true lease" under Bankruptcy law, and to any assertion by MDL that the Debtor has waived or is estopped from asserting that the Lease is not a "true lease," those issues, including the factual basis for such determination of such issues, being reserved exclusively for determination by this Court; and it is further

ORDERED that except as may be expressly provided herein, this Order is without prejudice to and with a reservation of all rights of the parties; and it is further

ORDERED that the hearing on Motion, to the extent it is not decided by this Order, is adjourned to June 19, 2019; and it is further

3

ORDERED that except as set forth herein, the automatic stay remains in place with respect to the enforcement of any judgment in the Action.

Dated: May 13, 2019
      White Plains, New York

                                      /s/Robert D. Drain
                                    UNITED STATES BANKRUPTCY JUDGE