**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re                                                    :        Chapter 11
                                                         :
**73 EMPIRE DEVELOPMENT LLC**                            :        Case No. 19-22285 (RDD)
                                                         :
                            Debtor.                      :
------------------------------------------------------------x

**ORDER GRANTING IN PART AND DENYING IN PART MDL'S**
**MOTION FOR AN ORDER: (I) HOLDING 73 EMPIRE DEVELOPMENT LLC**
**IN CONTEMPT FOR ITS FAILURE TO COMPLY WITH THE ORDER OF**
**THIS COURT ENTERED ON JULY 10, 2019, AND (II) DECLARING THAT THE**
**LEASE IS DEEMED REJECTED OR IS NOT PART OF DEBTOR'S ESTATE**

Upon the motion, dated August 27, 2019 (the "Motion"), of MDL Equipment Corp. ("MDL") for an order (a) holding the debtor and debtor in possession herein, 73 Empire Development LLC (the "Debtor") in contempt for its failure to comply with the order of this Court entered on July 10, 2019 (the "July 10 Order"), (b) holding that, pursuant to § 365(d)(4)(A) of the Bankruptcy Code, Debtor is deemed to have rejected the Ground Lease, dated December 16, 2013, between MDL, as landlord, and Debtor, as tenant (the "Lease"), and, as a result, must immediately surrender possession of the demised premises at 73 Empire Boulevard, Brooklyn, New York (the "Demised Premises") to MDL, and (c) declaring that the Lease is not part of the Debtor's estate under § 541 of the Bankruptcy Code; and due and proper notice of the Motion having been made on all necessary parties; and upon the Debtor's opposition to the Motion, dated September 3, 2019, MDL's reply in further support of the Motion, dated September 6, 2019, and all of the other pleadings and proceedings relating thereto; and upon the record of the hearing held by the Court on the Motion on September 10, 2019 (the "Hearing"); and, after due deliberation and for the reasons stated by the Court in its bench ruling at the Hearing, the Court having determined that (a) the Debtor's compliance with

00075912.DOC v

the July 10 Order's payment provisions was merely condition to its right to an extension of its time to assume or reject the Lease under § 365(d)(4)(B) and, therefore, the Debtor is not in contempt of the July 10 Order, and (b) because of the Debtor's failure to comply with the foregoing condition, the Lease is deemed rejected under § 365(d)(4)(A) of the Bankruptcy Code; and good and sufficient cause appearing, it is hereby

ORDERED that because Debtor failed to pay postpetition Rent and Additional Rent to MDL as provided in the July 10 Order, which payment was an express condition for the extension of Debtor's time to assume or reject the Lease pursuant to the July 10 Order, the Motion is granted in that it is hereby declared that, pursuant to § 365(d)(4)(A) of the Bankruptcy Code, Debtor is deemed to have rejected the Lease as of June 21, 2019, the expiration of date of the initial period to assume or reject the Lease under § 365(d)(4)(A)(i) of the Bankruptcy Code; and it is further

ORDERED that the Motion is granted in that the Debtor is directed pursuant to § 365(d)(4)(A) of the Bankruptcy Code to immediately surrender and turn over the Demised Premises to MDL, which surrender shall be no later than ten (10) days after the date of this Order; and it is further

ORDERED that the Motion's request to hold the Debtor in contempt is denied with prejudice; and it is further

ORDERED that the Motion's request for a declaration that the Lease is not property of the Debtor's estate under § 541 of the Bankruptcy Code is denied as moot.

Dated: September 16, 2019
      White Plains, New York

                                /s/Robert D. Drain
                              UNITED STATES BANKRUPTCY JUDGE