UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
|     73 Empire Development LLC | Case no.  19-22285 |
|     Debtor. | |

-----------------------------------------------------------x

### NOTICE OF HEARING ON RENEWED APPLICATION FOR FINAL COMPENSATION

      PLEASE TAKE NOTICE, that a hearing will be held before the Honorable Robert D. Drain at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, NY 10601−5008, on January 8, 2019 at 10:00 a.m., or as soon thereafter as counsel can be heard, to consider the request for (a) final compensation of Backenroth Frankel & Krinsky, LLP, counsel to the Debtor, for $84,402 in fees, plus disbursements of $1,717 for a total of $86,819, and that the Debtor pay that amount, less the $12,500 pre-petition retainer, leaving a net amount to be paid of $73,619.

      PLEASE TAKE FURTHER NOTICE, that objections shall be filed with the Clerk of the Bankruptcy Court, , 300 Quarropas Street, White Plains, NY 10601−5008, and served upon the undersigned and the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014; so as to be received at least seven days prior to the hearing date.

      PLEASE TAKE FURTHER NOTICE, that the fee application is available upon request of the undersigned, and may also be obtained on the Bankruptcy Court's internet site: www.nyeb.uscourts.gov.

Dated: New York, New York
       November 18, 2019

                                BACKENROTH FRANKEL & KRINSKY, LLP
                                Attorneys for the Debtor

                                By: s/Mark A. Frankel
                                    800 Third Avenue
                                    New York, New York 10022
                                    (212) 593-1100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                                    Chapter 11

      73 Empire Development LLC                      Case no. 19-22285

                      Debtor.
-----------------------------------------------------------x

## SUMMARY SHEET: BACKENROTH FRANKEL & KRINSKY, LLP

| Interim Fees Sought | Interim Fees Awarded | Interim Expenses Sought | Interim Expenses Awarded | Fees Sought in this Application | Expenses Sought in this Application |
|---|---|---|---|---|---|
| -0- | -0- | -0- | -0- | $84,172 | $1,717 |

| Name of Professional | Year of Bar Admission | Hours Billed | Hourly Rate | Blended Hourly Rate |
|---|---|---|---|---|
| Mark A Frankel | 1984 | 124.5 | 615 | 618 |
| Abraham J. Backenroth | 1977 | 11.7 | 650 | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                    Chapter 11

      73 Empire Development LLC                Case no.  19-22285

      Debtor.
---------------------------------------------------------x

**FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF BACKENROTH FRANKEL & KRINSKY, LLP, PURSUANT TO SECTION 330 OF THE BANKRUPTCY CODE -- RENEWED**

      Backenroth Frankel & Krinsky, LLP ("BFK" or "Applicant"), attorneys for 73 Empire Development LLC (the "Debtor"), as and for its final application for allowance of compensation and reimbursement of expenses for the period of February 21, 2019 through October 9, 2019, under §330 of the Bankruptcy code, respectfully represents as follows:

## APPLICATION

      1.      On February 21, 2019, the Debtor filed a Chapter 11 petition under Title 11 of the United States Code, 11 U.S.C. 101 et seq. (the "Bankruptcy Code").

      2.      As of the filing date, the Debtor owned a ground lease ("Ground Lease") dated December 16, 2013 on the real property at 73 Empire Boulevard, Brooklyn, New York 11225 (the "Property").  The Property is The Property is a 30,000 square foot development site.. The initial term of the Ground Lease expires in 2062. The ground lessor is MDL Equipment Development LLC ("Ground Lessor").  Based on discussions with real estate investors, the Debtor believed the value of the Ground Lease is about $6,000,000.

      3.      The Ground Lease is triple net under section 2.2, and section 4.2 requires the Debtor to spend no less than $3,000,000 to build a retail only or mixed-use building (the

"Improvements"). Initially, the Debtor retained two architects, a demolition and construction company, an expeditor, a structural engineer, a surveying service and zoning counsel, and expended approximately $500,000 to implement the Improvements. The Debtor also obtained financial assurances from investors who agreed to provide the financial capital to complete the Improvements.

4. Section 4.6(viii) of the Ground Lease required the Debtor to complete construction within 30 months, by June 2016. The Ground Lessor, however, did not initially insist upon completion by the deadline – until the Ground Lessor's principal passed away and control was transferred to his children.

5. The Ground Lease does not contain a "time is of the essence" provision for the Improvements. And the Improvements could not be completed within 30 months, much less 30 days. The Ground Lessor waited two years in which to purportedly invoke its rights under the Ground Lease. The Debtor believes this to be a waiver and the Landlord is estopped from demanding immediate performance.

6. The Debtor's goal was to complete the Improvements, but the Ground Lessor interfered with the Debtor's funding.

7. Under section 10 of the Ground Lease, the Debtor may assign or sublet the Property with the Ground Lessor's consent, "which may not unreasonably" be withheld or delayed.

8. In November and December 2017, the Debtor notified the Ground Lessor of its intention to assign the Ground Lease and, documented that the new members have a net worth exceeding $300,000,000 and paid the required legal fee for the Ground Lessor's review.

9. In March 2018, the Ground Lessor denied the request based on unspecified defaults under the Ground Lease, and followed up in April 2018 with a 30 day notice to cure, the primary default being the failure to complete construction in June 2016.

10. Section 11.1(b) of the Ground Lease provides that upon notice of default, the Debtor "shall commence to take steps to remedy same within thirty (30) days after Landlord shall have given to Tenant a written notice specifying the same or having so commenced shall thereafter fail to proceed."

11. Here, the Ground Lessor allowed two years to pass during which it encouraged the Debtor to invest large amounts of money in the Property. But for the Landlord's interference, the Debtor had the funds to cure and the contractors in place to effectuate a cure.

12. The Ground Lessor instead attempted to terminate the Ground Lease under New York landlord tenant law. The Supreme Court denied the Debtor a Yellowstone injunction and the Ground Lessor asserts that the Debtor may no longer cure.

13. The Debtor filed this case to preserve the Lease under the Bankruptcy Code. Specifically, under Second Circuit authority, a long-term ground lease such as the Debtor's Ground Lease is not treated as lease under the Bankruptcy Code subject to the rules for lease assumption. *In re PCH Associates,* 804 F.2d 193 (2d. Cir. 1986).

14. The Debtor made its motion to obtain a determination from this Court whether the Ground Lease is a true lease. This Court held that the Ground Lease is a true lease.

15. Meanwhile, the stay was lifted to permit the Landlord to proceed in the New York state courts to obtain a determination whether the Landlord is entitled to terminate the

Ground Lease. The State Court ruled for the Landlord and the Landlord, therefore is entitled to evict the Debtor.

16. Since the Property is vacant, no rent has been collected and the Debtor has no other assets. Aside from funds contributed by the Debtor's member, the Debtor had no funds to pay administrative claims such as ground lease rent and legal fees. From that source, substantial funds were paid to the Landlord for administrative rent, but no funds were paid to any other administrative creditor.

17. An application was filed with the Court to retain Backenroth Frankel & Krinsky, LLP as counsel to the Debtor.

18. BFK assisted the Debtor by drafting pleadings, attending court hearings, and negotiating with creditors and the Debtor's insiders to accomplish the results set forth above, BFK also assisted the Debtor in fulfilling its obligations under the Bankruptcy Code including the retention of counsel, opening new bank accounts, obtaining a bar date, drafting and filing operating reports, attending status conferences, making and responding to motions, coordinating adjournments of hearings, preparing for and attending meetings with the United States Trustee, and responding to general creditor inquiries.

19. For BFK to fulfill its responsibilities to the Debtor and its creditors, it was necessary for BFK to expend $84,172 in time charges and $1,717 in disbursements, for a total of $85,889 calculated as follows:

| Name of Professional | Year of Bar Admission | Hours Billed | Hourly Rate | Total |
|---|---|---|---|---|
| Mark A. Frankel | 1984 | 136.2 | $615 | $76,568 |
| Abraham J. Backenroth | 1977 | 11.7 | $650 | $7,605 |
| Disbursements | | | | $1,717 Chapter 11 filing fee |
| Grand Total | | | | $85,889 |

20. A schedule of time charges is annexed as Schedule A.

21. A breakdown of the time charges follows for the period follows:

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | .2 | 123 |
| Claims Administration and Objections | .4 | 246 |
| Meeting of Creditors – United States Trustee | 10.9 | 6703 |
| Plan and Disclosure Statement | 34.1 | 20,971 |
| Asset Disposition – Lease Issues | 48 | 29,569 |
| Fee & Employment Applications | .2 | 123 |
| Business Operations | .5 | 308 |

5

## **CONCLUSION**

WHEREFORE, Applicant respectfully request that the fees and disbursements be awarded in the total amount of $85,889, and that the Debtor be authorized to pay that amount to the Applicant, less the $12,500 post-petition retainer amounts paid, leaving a net amount to be paid of $73,389, and that the Court grant such other, further and different relief as is just and proper.

Dated: New York, New York
       November 18, 2019

                              BACKENROTH FRANKEL & KRINSKY, LLP
                              Attorneys for the Debtor

        By:   /s/ Mark Frankel
                800 Third Avenue, 11th Floor
                New York, New York 10022
                (212) 593-1100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                                      Chapter 11

      73 Empire Development LLC                    Case no.  19-22285

                   Debtor.
---------------------------------------------------------x

# CERTIFICATE OF PROFESSIONAL

In accordance with the **Guidelines for Fees and Disbursements for Professionals In the** SOUTHERN **District of New York Bankruptcy Cases** (the "Guidelines"), Mark Frankel, a member of the firm of Backenroth, Frankel & Krinsky, LLP, 800 Third Avenue, New York, New York  10022 (the "Applicant"), hereby certifies as follows:

1.    I have read the foregoing Application for Final Allowance of Compensation and Reimbursement of Expenses by Counsel for the Debtor (the "Application").

2.    To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Amended Guidelines and the UST Guidelines for fee applications, except as specifically noted in this certification and described in the fee application.

3.    Except to the extent that fees or disbursements are prohibited by these Amended Guidelines or the UST Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by the applicant and generally accepted by the applicant's clients.

4. In providing a reimbursable service, the applicant does not make a profit on the service, whether the service is performed by the applicant in-house or through a third party.

5. The debtor has been provided with periodic statements of fees and disbursements accrued.

6. A list of professionals and paraprofessionals providing services, their respective billing rates, the aggregate hours spent by each professional and paraprofessional, a general description of services rendered, a reasonably detailed breakdown of the disbursements incurred and an explanation of billing practices is incorporated into the attached fee application. BFK professionals and paraprofessionals providing services record their time contemporaneously on a daily basis in increments of one tenth of an hour with a description of the services formed.

7. The debtor has been provided with a copy of the relevant fee application at least 14 days before the date set by the court or any applicable rules for filing fee applications.

Dated: New York, New York
       November 18, 2019

                                          s/ Mark Frankel

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                              Chapter 11

       73 Empire Development LLC                Case no.  19-22285

                    Debtor.
---------------------------------------------------------x

## ORDER GRANTING APPLICATION FOR ALLOWANCE
## OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES

        Upon the application (the "Application") of Backenroth Frankel & Krinsky, LLP ("BFK"), attorneys for the Debtor, for allowance of final compensation and reimbursement of expenses for professional services rendered and expenses incurred during this Chapter 11 case, and upon the hearing held before this Court on November 4, 2019, and after due deliberation, and consideration sufficient cause appearing therefore, it is

        ORDERED that the Application be, and it hereby is, granted to the extent set forth in the Schedule annexed hereto, and that the Debtor pay that amount, less the $12,500 pre-petition retainer, leaving a net amount to be paid of $73,389.

Case No.: 19-22285

Case Name: 73 Empire Development LLC                                                                                                              **Schedule A**

# FINAL APPLICATION TOTALS
February 21, 2019 through October 9, 2019

| (1) Applicant | (2) Date/Document Number of Application | (3) Interim fees Requested on Application | (4) Fees Allowed | (5) Fees to be Paid for Current Fee Period | (7) Total Fees to be Paid | (8) Interim Expenses Requested | (9) Expenses to be Paid for Current Fee Period |
|---|---|---|---|---|---|---|---|
| Backenroth Frankel & Krinsky, LLP | November 18, 2019 Docket No. ___ First & Final Application | N/A | N/A | $84,172 | $84,172 | N/A | $1,717 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Case No.:  19-22285

Case Name:  73 Empire Development LLC

**Schedule B**

**FINAL APPLICATION TOTALS**
February 21, 2019 through October 9, 2019

| (1) Applicant | (2) Total Fees Requested | (3) Total Fees Paid | (4) Total Expenses Requested | (5) Total Expenses Paid |
|---|---|---|---|---|
| Backenroth Frankel & Krinsky, LLP | $84,172 | $84,172 | $1,717 | $1,717 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Revised September 2011        DATE ON WHICH ORDER WAS SIGNED:        INITIALS: _____ USBJ

| Initials | Date | Description | Hours | Amount | Code |
|---|---|---|---|---|---|
| MAF | 4/24/2019 | Review proposed business plan (.4); o/c AJB re same (.3); t/c client re same (.2); | 0.9 | $553.50 | **AA** |
| AJB | 5/14/2019 | conf with MF re motion on true lease issue (.4) emails re response to state court proceedings (1.0) | 1.4 | $910.00 | **AD** |
| MAF | 5/9/2019 | conditional lease assumption (.3); actions to determine character of lease (.3); rent and insurance (.2) | 0.8 | $492.00 | **AD** |
| MAF | 5/10/2019 | Teleconference client re status of lease issues in State Court | 0.1 | $61.50 | **AD** |
| MAF | 5/14/2019 | Research re True lease v sale (2.5); drafted motion to extend time to assume lease (1.9) | 4.4 | $2,706.00 | **AD** |
| MAF | 5/15/2019 | C/C state court counsel re lift stay order and litigation to re lease and termination | 0.5 | $307.50 | **AD** |
| MAF | 5/16/2019 | Research motion for declaratory judgement re true lease (4.5); email client re valuation and loan and escrow (.3); o/c AJB re same (.4) | 5.2 | $3,198.00 | **AD** |
| MAF | 5/17/2019 | Drafting declaratory judgment motion re true lease issues (3.9) | 3.9 | $2,398.50 | **AD** |
| MAF | 5/21/2019 | Revised motion on declaratory judgment and circulated to client | 2.0 | $1,230.00 | **AD** |
| MAF | 5/28/2019 | T/c client re motion re declaratory judgment lease (.4) | 0.4 | $246.00 | **AD** |
| MAF | 5/31/2019 | Teleconferences client re case strategy and motion re true lease | 0.5 | $307.50 | **AD** |
| MAF | 6/4/2019 | Teleconference client re exhibits for lease motion (.2); reviewed same (.5) | 0.7 | $430.50 | **AD** |
| MAF | 6/5/2019 | Revising decl. judgment motion | 4.0 | $2,460.00 | **AD** |
| MAF | 6/6/2019 | Email MDL re True Lease motion (.2); drafted letter to court re same (.2); t/c client re same (.4) | 0.8 | $492.00 | **AD** |
| MAF | 6/11/2019 | Teleconferences client re motion to extend time (.2); reviewed obj re same (.2); emails Lessor re obj (.3) | 0.7 | $430.50 | **AD** |
| MAF | 6/12/2019 | C/C client re response to extend time motions | 0.3 | $184.50 | **AD** |
| MAF | 6/13/2019 | Emails client re rent letter and conf funds | 0.2 | $123.00 | **AD** |
| MAF | 6/14/2019 | Teleconferences client re 6/21 hearing (.3); o/c AJB re same (.2) | 0.5 | $307.50 | **AD** |
| MAF | 6/18/2019 | Email client re reply to obj to motion to extend (.3); reviewed documents re same (.6) | 0.9 | $553.50 | **AD** |
| MAF | 6/20/2019 | Prep for 6/21 hearing (.5); review and comment on exempt lease analysis (1.0); t/c client re same (.2) | 1.7 | $1,045.50 | **AD** |
| MAF | 6/21/2019 | To court on motions to extend | 2.0 | $1,230.00 | **AD** |
| MAF | 6/26/2019 | Reviewed Lessor comments to proposed order (.2); o/c Goldwasser re same (.2) | 0.4 | $246.00 | **AD** |
| MAF | 6/28/2019 | Emails re payment to MDL | 0.5 | $307.50 | **AD** |
| MAF | 7/1/2019 | Email client re ground lease payments (.1); research FL cases re true lease (.9); email client re same (.2) | 1.2 | $738.00 | **AD** |
| MAF | 7/2/2019 | Revised extend time and orders and email landlord lawyer re same | 0.3 | $184.50 | **AD** |
| MAF | 7/8/2019 | Revised and submitted extend time order (.3) t/c client re new expert report (.3); reviewed charts re same (.2) | 0.8 | $492.00 | **AD** |
| MAF | 7/11/2019 | Emails client re July rent | 0.3 | $184.50 | **AD** |
| MAF | 7/16/2019 | Teleconference _ re status of Ch. 11 (.3); reviewed and t/c client re same (.5) | 0.8 | $492.00 | **AD** |
| MAF | 7/17/2019 | O/C client re reply to obj to re characterization motion (.3); email client re Lloyds insurance (.2) | 0.5 | $307.50 | **AD** |
| MAF | 7/22/2019 | Prep for and to court on lease motion (4.0); t/c's client re same (.4) | 4.4 | $2,706.00 | **AD** |
| MAF | 8/30/2019 | C/C client re contempt obj | 0.7 | $430.50 | **AD** |
| MAF | 9/3/2019 | Drafted filed and served objection to contempt motion | 2.9 | $1,783.50 | **AD** |
| MAF | 9/6/2019 | Reviewed reply and t/c's client re same | 0.4 | $246.00 | **AD** |
| MAF | 9/10/2019 | To court on contempt | 3.0 | $1,845.00 | **AD** |
| MAF | 9/11/2019 | Reviewed contempt order | 0.1 | $61.50 | **AD** |
| MAF | 9/16/2019 | Email Friedman re order | 0.1 | $61.50 | **AD** |
| MAF | 9/18/2019 | Teleconference Mauro re bankruptcy court order and state court appeal Mauro | 0.3 | $184.50 | **AD** |
| MAF | 9/23/2019 | Email client re surrender of possession | 0.1 | $61.50 | **AD** |
| MAF | 10/8/2019 | Teleconference Mauro re surrender letter | 0.2 | $123.00 | **AD** |
| | | **Total AD** | **48.0** | **$29,569.00** | |

73 Empire

| | | | | | |
|---|---|---|---|---|---|
| MAF | 3/18/2019 | Emails and t/c's client re IDI business plan and insurance | 0.5 | $307.50 | **BO** |
| MAF | 2/21/2019 | Revised and filed Ch. 11 petition (2.8); emails client re same (.2); t/c's client re same (.3) | 3.3 | $2,029.50 | **CA** |
| MAF | 3/4/2019 | Email landlord re insurance | 0.1 | $61.50 | **CA** |
| MAF | 3/5/2019 | Teleconference client re status | 0.1 | $61.50 | **CA** |
| MAF | 3/7/2019 | Drafting memo to client re Ch. 11 obligations (.5); research state court pleadings for local rule affidavit (1.5) | 2.0 | $1,230.00 | **CA** |
| MAF | 3/8/2019 | Reviewed and sent Ch. 11 memo to client | 0.4 | $246.00 | **CA** |
| MAF | 3/14/2019 | Emails client re business plan (.1); drafted, filed and served adj notice re 341 (.4) | 0.5 | $307.50 | **CA** |
| MAF | 4/4/2019 | Teleconference Barry Goldstein re tax returns | 0.1 | $61.50 | **CA** |
| MAF | 4/22/2019 | Drafted and filed op reports 2/19-3/19 | 1.5 | $922.50 | **CA** |
| MAF | 4/30/2019 | t/c client insurance re coverage (.7); reviewed documents re same (.5) | 1.2 | $738.00 | **CA** |
| MAF | 5/7/2019 | email client re insurance (.3) | 0.3 | $184.50 | **CA** |
| MAF | 5/17/2019 | Emails UST re insurance and DIP checks (.8) | 0.8 | $492.00 | **CA** |
| MAF | 5/28/2019 | Filed AOS (.1) | 0.1 | $61.50 | **CA** |
| MAF | 6/17/2019 | Teleconference UST re status | 0.1 | $61.50 | **CA** |
| MAF | 6/25/2019 | Email client re mediation | 0.1 | $61.50 | **CA** |
| MAF | 6/27/2019 | O/C client re case status | 2.0 | $1,230.00 | **CA** |
| MAF | 8/2/2019 | Teleconference Zipes re dismissal | 0.1 | $61.50 | **CA** |
| MAF | 8/6/2019 | Email Friedman re dismissal (.1); t/c client re same (.1) | 0.2 | $123.00 | **CA** |
| MAF | 8/27/2019 | Drafted dismissal motion and email client re same | 2.9 | $1,783.50 | **CA** |
| MAF | 8/29/2019 | Email client re op reports (.1); email client re dismissal (.1); t/c court re same (.1); filed and served same (.4) | 0.7 | $430.50 | **CA** |
| | | **Total CA** | **16.5** | **$10,147.50** | |
| MAF | 3/7/2019 | Draft bar date application (.3); email UST re same (.1); | 0.4 | $246.00 | **CL** |
| MAF | 2/22/2019 | Filed retention application (.2) | 0.2 | $123.00 | **FF** |
| MAF | 3/11/2019 | Email client re IDI | 0.1 | $61.50 | **MC** |
| MAF | 3/12/2019 | Drafting local rule affidavit and email client re same | 2.5 | $1,537.50 | **MC** |
| MAF | 3/19/2019 | Prep for and attendance at IDI | 4.5 | $2,767.50 | **MC** |
| MAF | 4/2/2019 | Prep for and to 341 meeting | 2.8 | $1,722.00 | **MC** |
| MAF | 4/16/2019 | Reviewed documents for US and sent to UST (.4); email client re same (.1) | 0.5 | $307.50 | **MC** |
| MAF | 4/24/2019 | Email client are UST document requests (.2) | 0.2 | $123.00 | **MC** |
| MAF | 4/29/2019 | Teleconference client re 4/30 341 meeting | 0.1 | $61.50 | **MC** |
| MAF | 4/18/2019 | Email UST re IDI documents (.2) | 0.2 | $123.00 | **MC** |
| | | **Total MC** | **10.9** | **$6,703.50** | |
| MAF | 3/13/2019 | Drafting plan and disclosure statement and email client re same | 5.0 | $3,075.00 | **P** |
| MAF | 4/11/2019 | Email Goldwasser re UST demands and Ch. 11 plan | 0.3 | $184.50 | **P** |
| MAF | 4/18/2019 | Emails client re Ch. 11 plan (.2); | 0.2 | $123.00 | **P** |
| MAF | 5/1/2019 | Revised plan and disclosure statement (3.5); revised lift stay obj (3.5); emails client re same (.3) | 7.3 | $4,489.50 | **P** |
| MAF | 5/3/2019 | Drafted filed and served NOH re disclosure statement (1.2) emails parties and UST re same (.2); filed AOS re same (.2) | 1.6 | $984.00 | **P** |
| MAF | 5/14/2019 | Drafted motion to extend exclusivity (1.9) | 1.9 | $1,168.50 | **P** |

| | | | | | |
|---|---|---|---|---|---|
| MAF | 5/22/2019 | Teleconference client re rent and plan | 0.2 | $123.00 | **P** |
| MAF | 5/28/2019 | Teleconference client re plan strategy (.4) | 0.4 | $246.00 | **P** |
| MAF | 6/19/2019 | Drafted filed and served reply to objection to extend time and disclosure statement | 3.1 | $1,906.50 | **P** |
| MAF | 6/21/2019 | To court on motions to extend | 2.0 | $1,230.00 | **P** |
| MAF | 6/25/2019 | Drafted order extending time and email Lessor re same | 0.5 | $307.50 | **P** |
| MAF | 7/18/2019 | Drafting reply to disclosure payment obj | 11.0 | $6,765.00 | **P** |
| MAF | 2/22/2019 | T/c client re strategy for plan (.1) | 0.1 | $61.50 | **P** |
| MAF | 4/30/2019 | Drafting Ch. 11 plan and disclosure statement (.5); | 0.5 | $307.50 | **P** |
| | | **Total Plan** | **34.1** | **$20,971.50** | |
| | | | | | |
| AJB | 5/8/2019 | conf MF, review papers and prep for next day's hearing | 2.7 | $1,755.00 | **RS** |
| AJB | 5/9/2019 | To court (3.0), conf with Goldwasser and prep of memo re hearing (2.1), review and modif of proposed order (2x) (2.5) | 7.6 | $4,940.00 | **RS** |
| MAF | 5/2/2019 | Revised, filed and served plan, disclosure statement and lift stay objection | 3.5 | $2,152.50 | **RS** |
| MAF | 5/7/2019 | Reviewed pleadings re 5/9/19 hearing and reply (2.9); o/c AJB re same (.7); | 3.6 | $2,214.00 | **RS** |
| MAF | 5/8/2019 | O/C client re 5/9 hearing (.5); o/c AJB re same (1.0); research re same (1.1) | 2.6 | $1,599.00 | **RS** |
| MAF | 5/9/2019 | O/C AJB re lift stay hearing (.4); | 0.4 | $246.00 | **RS** |
| MAF | 4/24/2019 | Research re lift stay objection (1.8); | 1.8 | $1,107.00 | **RS** |
| MAF | 4/30/2019 | drafting obj to lift stay motion (2.5); | 2.5 | $1,537.50 | **RS** |
| | | **Total Relief from Stay** | **24.7** | **$15,551.00** | |
| | | | | | |
| | | **Total MAF** | **124.5** | **$76,567.50** | |
| | | **Total AJB** | **11.7** | **$7,605.00** | |
| | | | | | |
| | | **Total** | **136.2** | **$84,172.50** | |